**\*\* NOTE CHANGES MADE BY THE COURT\*\***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| ATOSA USA, INC., a California corporation, | Case No.  8:21-cv-01474-CJC-(ADSx) |
| Plaintiff/Counterdefendant, | **STIPULATED PROTECTIVE ORDER** |
| v. | **[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]** |
| MVP GROUP CORP., a Canadian corporation, and MVP GROUP LLC, a Florida limited liability company, | |
| Defendants/Counterclaimants. | |

**I.     PURPOSES AND LIMITATIONS**

A.     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties

1    acknowledge that this Order does not confer blanket protections on all

2    disclosures or responses to discovery and that the protection it affords from

3    public disclosure and use extends only to the limited information or items that

4    are entitled to confidential treatment under the applicable legal principles.  The

5    parties further acknowledge, as set forth in Section XIII(C), below, that this

6    Stipulated Protective Order does not entitle them to file confidential information

7    under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

8    and the standards that will be applied when a party seeks permission from the

9    Court to file material under seal.

10   **II.    GOOD CAUSE STATEMENT**

11   A.       This action is likely to involve trade secrets, customer and pricing lists

12   and other valuable research, development, commercial, financial, technical

13   and/or proprietary information for which special protection from public

14   disclosure and from use for any purpose other than prosecution of this action is

15   warranted.  Such confidential and proprietary materials and information consist

16   of, among other things, confidential business or financial information,

17   information regarding confidential business practices, or other confidential

18   research, development, or commercial information (including information

19   implicating privacy rights of third parties), information otherwise generally

20   unavailable to the public, or which may be privileged or otherwise protected

21   from disclosure under state or federal statutes, court rules, case decisions, or

22   common law.  Accordingly, to expedite the flow of information, to facilitate the

23   prompt resolution of disputes over confidentiality of discovery materials, to

24   adequately protect information the parties are entitled to keep confidential, to

ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential or attorneys' eyes only for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

III.    **DEFINITIONS**

A.      Action:  Atosa USA, Inc. v. MVP Group Corp., et al., C.D. Cal. Case No. 8:21-cv-01474-CJC-(ADSx).

B.      Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.      "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and disclosure of which is permitted as described in Section VIII(B)(1) below.

D.      "ATTORNEYS' EYES ONLY" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and disclosure of which is permitted as described in Section VIII(C)(1) below.  ATTORNEYS' EYES ONLY Information or Items refers to material that is or contains highly confidential and/or

sensitive information, including without limitation financial, commercial, proprietary, marketing or technical information (including, but not limited to, detailed nonpublic financial information), or trade secret information (as defined in California Civil Code § 3426.1), the disclosure of which, to persons other than those described in Section VIII(C)(1) below, the Designating Party in good faith believes would cause undue risk of substantial and immediate and serious injury to the business of the producing party that could not be avoided by less restrictive means.  The designation made by a disclosing party or non-party shall be a certification to the Court and the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Protective Order.

E.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

F.    <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

G.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.     House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.     Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

P.    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.    DESIGNATING PROTECTED MATERIAL**

A.    Exercise of Restraint and Care in Designating Material for Protection

1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The

Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

"CONFIDENTIAL legend") or the legend "ATTORNEYS' EYES ONLY" (hereinafter "AEO legend") as applicable, to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend or the AEO legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.      Deposition testimony and transcripts shall be treated as CONFIDENTIAL for a period of 14 days after receipt of the transcript from the Court Reporter (or an otherwise agreed-upon period of days).

Within this 14-day period counsel for any party or third party deeming any testimony or other information to be CONFIDENTIAL or ATTORNEYS' EYES ONLY shall provide opposing counsel with a written designation of those portions of the transcript which are to be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY.  To the extent that no such designation is provided within the requisite 14-day period, and the parties have not agreed in writing to an extension, then the entire deposition transcript shall be considered not CONFIDENTIAL or ATTORNEYS' EYES ONLY.  This paragraph shall not limit the ability of counsel for any party to designate specific portions of the deposition testimony and/or transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY on the record or in a writing after the deposition.

d.      Whenever during the course of discovery in this matter a party or witness is properly requested to disclose, or voluntarily discloses, materials or information that a party considers to be CONFIDENTIAL or ATTORNEYS' EYES ONLY, that party shall indicate at or before the time of disclosure that the information or materials are CONFIDENTIAL or ATTORNEYS' EYES ONLY by marking the information or materials as such or putting some other similar designation thereon, or by indicating in some other appropriate fashion that the information or materials produced are subject to this protective order.  Inadvertent failure to designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order shall not operate as waiver of the Party's right to subsequently designate such material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error.  Such correction

and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall return to the Producing Party or destroy all copies of such undesignated documents.

e.      For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend or AEO legend as applicable.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.      Inadvertent Failure to Designate

1.      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Agreement to this protective order is not a consent or admission as to the actual confidentiality of any material.  Should any party desire to challenge the designation of any material or information as Confidential Information or Confidential for Attorneys'

1   Eyes Only Information, such party may move the Court for an order changing such

2   designation and/or releasing the material from the provisions of this Order.

3   A.      Timing of Challenges

4              1.      Any party or Non-Party may challenge a designation of

5          confidentiality at any time that is consistent with the Court's Scheduling

6          Order.

7   B.      Meet and Confer

8              1.      The Challenging Party shall initiate the dispute resolution process

9          under Local Rule 37.1 et seq.

10  C.      The burden of persuasion in any such challenge proceeding shall be on

11  the Designating Party.  Frivolous challenges, and those made for an improper

12  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

13  parties) may expose the Challenging Party to sanctions.  Unless the Designating

14  Party has waived or withdrawn the confidentiality designation, all parties shall

15  continue to afford the material in question the level of protection to which it is

16  entitled under the Producing Party's designation until the Court rules on the

17  challenge.

18  **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

19  A.      Basic Principles

20             1.      A Receiving Party may use Protected Material that is disclosed or

21         produced by another Party or by a Non-Party in connection with this

22         Action only for prosecuting, defending, or attempting to settle this Action.

23         Such Protected Material may be disclosed only to the categories of

24         persons and under the conditions described in this Order.  When the

1   Action has been terminated, a Receiving Party must comply with the

2   provisions of Section XIV below.

3       2.      Protected Material must be stored and maintained by a Receiving

4   Party in a secure manner that ensures that access is limited to the persons

5   authorized under this Order.

6   B.  Disclosure of "CONFIDENTIAL" Information or Items

7       1.      Unless otherwise ordered by the Court or permitted in writing by

8   the Designating Party, a Receiving Party may disclose any information or

9   item designated "CONFIDENTIAL" only to:

10          a.      The Receiving Party's Outside Counsel of Record in this

11      Action, as well as employees of said Outside Counsel of Record to

12      whom it is reasonably necessary to disclose the information for this

13      Action;

14          b.      Three identified officers, directors, or employees (including

15      House Counsel) of the Receiving Party to whom disclosure is

16      reasonably necessary for this Action.  Those persons are:

17              1. For Plaintiff: Michael Shao, Jennifer Ward, and Jenny

18      Chu.

19              2. For Defendants: Michael Bromberg, Fabrizio Busso-

20      Campana, and Robert Krebs.

21

22          c.      Experts (as defined in this Order) of the Receiving Party to

23      whom disclosure is reasonably necessary for this Action and who

24

have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      Witnesses at any deposition or other proceeding in this action, during the course of their testimony, whom counsel for a Party legitimately believes may, might or could have knowledge of the contents of the document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or the specific events, transactions, discussions, or data reflected in the document, and upon the witness being advised of the need to keep the records confidential and requested without obligation to sign the "Acknowledgment and Agreement to be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

j.      Any other person to whom the parties agree in writing.

C.   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "ATTORNEYS' EYES ONLY" only to those persons described in Sections VIII(B)(1)(a) and VIII(B)(1)(c)-VIII(B)(1)(j).

**IX.   PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

1.      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.    If a Party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the Party may retrieve such information as follows:

1.    Within five (5) court days of the date of discovery by a Party of the inadvertent production by it or a third party, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

2.    Upon receipt of such notice, any Party who has received the subject documents or material shall promptly return all copies to the Party asserting inadvertent production.  In the event that only a part of a document is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

3.    Any Party who has received the subject documents or material may contest such claims of privilege or work product as if the materials had not been produced by filing a motion contesting the claim ~~within ten (10) court days of receiving the notice under subparagraph (a) above~~, but shall not assert that a

17

waiver occurred as a result of the inadvertent production.  During the pendency of such motion, the receiving Party need not return all copies of the produced documents or material to the Party asserting inadvertent production; however, the receiving Party may not use or disclose the material for any purpose other than prosecution of the motion challenging the privilege or protection claim.

4.     If a Receiving party learns by reviewing documents or otherwise that it has received from a Disclosing Party a document or thing that appears on its face to contain privileged material that has been inadvertently disclosed, the Receiving Party shall immediately notify the Disclosing Party of the identity of the material that appears on its face to be privileged.

5.     The provisions of the above subparagraphs are without prejudice to any other rights that any Party may have with respect to challenging or defending any claim of privilege.

## XIII.  MISCELLANEOUS

A.     Right to Further Relief

1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections

1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.    Filing Protected Material

1.    A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D.    Without separate and subsequent Court order, this Protective Order does not change, amend, or circumvent any Court rule or Local Rule.

## XIV.  FINAL DISPOSITION

A.    After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

B.    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

C.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 4, 2022                    /s/ William J. Robinson
                                        Attorney for Plaintiff Atosa USA, Inc.


Dated: March 4, 2022                    /s/ Corey A. Donaldson
                                        Attorney for Defendants MVP Group Corp.
                                        and MVP Group LL

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    March 7, 2022                        /s/ Autumn D. Spaeth
                                        HONORABLE AUTUMN D. SPAETH
                                        United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue

by the United States District Court for the Central District of California on [DATE] in

the case of _____ [insert formal name of the case and the

number and initials assigned to it by the Court].  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual and Rule 5-4.3.4(a)(2) of the Local Rules, I hereby certify that the content of this document is acceptable to  William J. Robinson, counsel for Plaintiff, and that I have obtained Attorney William J. Robinson's authorization to affix his/her electronic signature to this document.


DATE: March 4, 2022                    FERGUSON CASE ORR PATERSON LLP


                                       /s/ Corey A. Donaldson
                                       Corey A. Donaldson

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that I electronically filed the foregoing with the Clerk of the

3    Court using the CM/ECF system which will send notification of such filing to the

4    Electronic Service List for this Case.

5

6    DATE: March 4, 2022              FERGUSON CASE ORR PATERSON LLP

7

                                    /s/ Corey A. Donaldson
8                                    Corey A. Donaldson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24